IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 20-CR-2124 MV |
| | ) | |
| vs. | ) | |
| | ) | |
| **ADESUWA RENEE OGIOZEE,** | ) | |
| | ) | |
| Defendant. | ) | |

### <u>UNITED STATES' MOTION TO DETAIN</u>

The United States, by and through counsel, moves to detain the defendant pending trial. At first glance, the defendant's involvement in this case appears relatively small; indeed, the indictment alleges that she received $12,000 of the money that was stolen from a romance scam victim and then used the funds toward the purchase of a Mercedes Benz vehicle.  Doc. 2. Federal agents have accumulated evidence, however, that proves the defendant's involvement in fraud and other criminal activity is much more extensive.  Her criminal activity impacts the community at large, and her background and international ties make it very conceivable that she will flee if given the chance.  For the following reasons, the United States seeks an order from this Court, pursuant to 18 U.S.C. § 3142, detaining the defendant pending trial.

### I.      BACKGROUND

On December 2, 2020, a federal grand jury charged the defendant with conspiracy, in violation of 18 U.S.C. § 371, and one count of wire fraud, in violation of 18 U.S.C. § 1343.  Doc. 2.  The most serious penalty the defendant faces is 20 years of imprisonment.  *See* 18 U.S.C. § 1343.

The charges stem from a romance scam that resulted in approximately $560,000 being stolen from the victim, a woman residing in Albuquerque, New Mexico.  Although the indictment only focuses on the egregious conduct by the defendant and her four co-conspirators that affected the New Mexico victim, the investigation into this group of individuals has revealed that their involvement with fraud is much more extensive and that it is spread far and wide.

The defendant is a person of Nigerian origin who resides in St. Louis, Missouri, but maintains substantial ties with private citizens, businesses, and government officials in Nigeria, and who regularly communicates with those individuals.   She has no criminal history in the United States, but it is unknown whether she has any criminal history in another country.

On September 16, 2021, the defendant was arrested at her home.  Agents executed a on her residence at the time of her arrest, and five devices and three computers were lawfully seized.  Moreover, agents found the Forms 1040 that the defendant filed with the IRS in tax years 2015 through 2019.  In tax year 2016, the defendant claimed she earned $872,000 in income, yet incurred business expenses totaling $862,000.  In tax year 2019, she claimed a gross income of $120,000 but business expenses of $60,000.

These tax filings are suspicious on their face, and agents who are familiar with the defendant's various bank and social media accounts were easily able to conclude that the defendant falsified her tax records.  For example, between August 2016 and September 2017, more than $3,000,000 in transactions (sent and received) passed through just one of the defendant's many bank accounts.  Some of her bank accounts were closed for fraud.

What the agents have learned about the defendant throughout this investigation is that she regularly has large sums of money moving through her accounts in suspicious ways, that she has sources of significant means of income, and that she has close ties to people in other countries, including Nigeria.  The defendant herself has flaunted her lifestyle and holds herself out as "the

number one auto broker in Africa," as was published in an articled titled, "Nigeria's Richest Kids—Meet Adesuwa Ogiozee."  *See* Article, attached hereto as Exhibit 1.

The defendant is expected to appear for an initial appearance in the Eastern District of Missouri on or about September 17, 2021, and a detention hearing will be held the same day or shortly thereafter.  For the reasons set forth below, the United States requests that the defendant remain in custody pending trial because no condition or combination of conditions will reasonably assure her appearance at trial.

## II.    ARGUMENT

18 U.S.C. § 3142 governs detention and release issues.  Conditions of release must both "reasonably assure the appearance" of the defendant and "the safety of any other person and the community." 18 U.S.C. § 3142(g).  In determining whether conditions of release can be fashioned, the court must consider the following factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim, (2) the weight of the evidence against the defendant, (3) the defendant's history and characteristics, including ties to the community, employment, financial resources, criminal history, history of alcohol or substance abuse, and record concerning appearance at court proceedings, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  § 3142(g)(1) – (4).  The United States must prove risk of non-appearance by only a preponderance of the evidence.  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

**A. Defendant's Motion Should Be Denied Because There Is No Combination of Factors That Can Assure Defendant's Appearance.**

The defendant poses a significant risk of non-appearance for the reasons set forth below. No condition or combination of conditions can assure her appearance at future court proceedings, and her motion should be denied.

**1.    Nature and circumstances of the offense.**

The defendant is charged with very serious crimes, and the actions of the defendant and her co-conspirators have financially harmed the victim.  Based on the evidence, the defendant has an aptitude for coordinating with others who are located throughout the world to defraud individuals and organizations out of significant sums of money.  The defendant's calculated, deliberate conduct in this case and her conduct that has not yet been charged counsels against release.

The defendant, who likely has never been incarcerated before, is facing circumstances that provide no incentive for her to appear at future court proceedings.  Instead, she has every incentive to simply abscond and possibly flee to another country if released.  Doing so would not be an unusual situation.

In a similar case involving a Nigerian national who was charged in the District of New Mexico, *United States v. Uchenna Nlemchi*, 17-CR-1362, the defendant was released to a halfway house pending trial and he absconded soon thereafter.  Upon information and belief, he had connections to the Nigerian government and fled to Mexico.  His whereabouts are still unknown.  By contrast, each of the defendants with ties to Nigeria who was arrested in the case of *United States v. Kayode Michael Adeniyi, et al*, 19-CR-935 KWR, was detained pending trial. Needless to say, none of these defendants absconded, and the case resolved with guilty pleas.

4

The defendant has been residing in the United States, and she has significant ties to individuals in this country.  The defendant also has many substantial contacts overseas, including close family members in Nigeria.  There is no way of knowing which of the defendant's many contacts would assist her in absconding and where she would hide in an effort to escape these charges.

Anyone in Defendant's situation, if released, has a strong incentive to flee and start a life elsewhere instead of returning to this Court for trial.  The nature and circumstances of the offense weigh toward detention.

> ### 2.      The weight of the evidence.

The weight of the evidence is strong and establishes all of the elements of the charged offenses.  The evidence is expected to get even stronger once the devices and computers were seized from the defendant's home are searched.  The discovery will likely be voluminous, and the defendant can reasonably expect to face additional criminal charges in other districts in the near future.  Accordingly, this factor also weighs in favor of detention.

> ### 3.      Defendant's history and characteristics.

The defendant resides in St. Louis, where she owns a home, and she purports to operate a business in the United States.  Some of her co-conspirators are in the United States and some are located abroad.  Again, the defendant has ties to many individuals in this country, Nigeria, and elsewhere, and it is probable that she has contacts who could help her if he chooses to abscond once released from custody.

> ### 4.      The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

The evidence accumulated in this case shows that the defendant and her co-conspirators have no regard for the victims they deceive in their efforts to steal large sums of money.  The

totality of the circumstances surrounding the defendant and her conduct – both charged and uncharged – leads to the conclusion that she supports herself by committing fraud, which inevitably harms the victims.  The risk that she poses to the community cannot be mitigated if she is released from custody.

### III.     CONCLUSION

Wherefore, the United States requests that the Court find the defendant is a flight risk and order that she be detained pending trial because no condition or combination of conditions will reasonably assure her appearance at trial.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically Signed*
KIMBERLY A. BRAWLEY
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87102
Phone: (505) 346-7274
Fax: (505) 346-7296

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF electronic filing system which will
send notification to all counsel of record.

*Electronically Signed*
KIMBERLY A. BRAWLEY
Assistant U.S. Attorney

6